IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PATRICK MARLIN McGARVEY,  )
                          )
         Plaintiff,       )
                          )
    vs.                   )   Civil Action No. 10-1532
                          )
MICHAEL J. ASTRUE,        )
COMMISSIONER OF SOCIAL SECURITY, )
                          )
         Defendant.       )


O R D E R

AND NOW, this 27th day of March, 2012, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., and denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan,

1

738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]

Plaintiff argues, inter alia, that the Administrative Law Judge ("ALJ") improperly evaluated the medical evidence of record, specifically, that he failed to give proper weight to the opinions of his treating health care professionals that he lacks the capacity to perform any type of sustained work. The Court disagrees and finds that substantial evidence supports the findings of the ALJ.

An ALJ may reject medical opinions which are contradicted by other medical evidence and may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided. See Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where a treating physician's medical opinions are internally inconsistent or generally inconsistent with the totality of the record, the ALJ can assign such weight to the opinions as he finds to be warranted. See Money v. Barnhart, 91 Fed. Appx. 210, 213 (3d Cir. 2004); 20 C.F.R. §§ 404.1527(c)(2), (d)(4); 20 C.F.R. §§ 416.927(c)(2), (d)(4). As to Plaintiff's physical limitations, the ALJ gave more weight to the opinions of Dr. Scott Reese, M.D., one of Plaintiff's treating physicians, and Michael Yanak, the state agency adjudicator, than to that of Candace Cerracchio, PA-C, and Dr. Stephen Kruk, M.D. The ALJ explained that the opinion signed by Ms. Cerracchio, and possibly co-signed by Dr. Kruk, was contradicted by the findings of Dr. Reese, the opinion of Mr. Yanak, the overall minimal objective findings, Plaintiff's very conservative course of medical treatment, his wide range of daily activities, and further noted that the opinion was internally inconsistent. (R. 18). While the ALJ also noted that Ms. Cerracchio was not an acceptable medical source, this was only one of many factors considered in assigning weight to the opinion, so it does not matter whether Dr. Kruk co-signed the opinion. Overall, the ALJ's findings were thoroughly discussed and supported by substantial evidence.

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 8) is DENIED and defendant's Motion for Summary Judgment (document No. 10) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record

---

As to Plaintiff's mental limitations, the Court is aware, as was the ALJ, that one of Plaintiff's treating psychiatrists, Dr. Ben Brinkley, M.D., and the consultative examiner, Raymond W. Francis, Ph.D., both found disabling limitations. However, the ALJ explained at length how these opinions were inconsistent with the clinical evidence, including Dr. Brinkley's and Dr. Francis' own notes and findings and treatment notes from Clearfield Jefferson Community Medical Center, as well as Plaintiff's very conservative course of treatment, and his wide range of daily activities. (R. 18). The ALJ instead provided greater weight to the findings of Grant W. Croyle, Ph.D., the non-examining state agency reviewing consultant, as his opinions were more consistent with the objective medical evidence and record as a whole. (R. 16-17). The situation here is much like the one in Salerno v. Commissioner of Soc. Sec., 152 Fed. Appx. 208 (3d Cir. 2005), where the Third Circuit Court of Appeals affirmed an ALJ's decision to credit the opinion of the non-examining state agency reviewing psychologist because his opinion was more supported by the record than the opinions of the treating physician and the consultative examiner. See also Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (holding that where "the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit, but 'cannot reject evidence for no reason or for the wrong reason'" (quoting Plummer, 186 F.3d at 429)). Here, the ALJ's reasons for so weighing the evidence were very well-explained, and substantial evidence supported his findings.

3